## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICK O. LEAPHART,
    Plaintiff,

v.

WARDEN DESHAWN JONES,
    Defendant.

Civil Action No.
1:23-cv-02227-SDG

### OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge John K. Larkins [ECF 6]. The R&R recommends that this matter be dismissed under 28 U.S.C. § 1915A because the complaint fails to state a claim for relief. Plaintiff Patrick O. Leaphart has filed objections to the R&R [ECF 8], and further moved for leave to file exhibits [ECF 9]. For the following reasons, Leaphart's motion to file exhibits is **GRANTED**, his objections are **OVERRULED**, and the R&R is **ADOPTED**.

### I.    BACKGROUND

Leaphart, currently imprisoned at the Jenkins Correctional Center in Millen, Georgia, filed the instant 42 U.S.C. § 1983 civil rights action over events that occurred at Phillips State Prison in Buford, Georgia. Leaphart was transported to Phillips so that he could appear in court in Hall County, and was housed at Phillips

for five days (he never attended the hearing, which was canceled).[1] Leaphart alleges that, while at Phillips, he was exposed to various neglectful and unsanitary conditions: he did not receive hygiene products until the second day, he was not permitted to shower, on at least one occasion he received only two meals a day, and the food was cold.[2] Leaphart also alleges that he was endangered when other prisoners were able to leave their cells with no duty officer present.[3] Judge Larkins determined that Leaphart had failed to state a claim under § 1983 because the conditions he described did not amount to the kind of extreme deprivations that would constitute a violation of the Eighth Amendment,[4] and recommended dismissal under § 1915A.

## II.    LEGAL STANDARD

A district judge has a duty to conduct a "careful and complete" review of an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The Court reviews any portion of a R&R that is the subject of a proper objection on a *de novo* basis. 28 U.S.C. § 636(b)(1). The party challenging a R&R must file written objections that specifically identify the portions of the proposed findings and recommendations

---

[1]    ECF 1, at 8.

[2]    *Id.* at 8–9.

[3]    *Id.* at 9.

[4]    ECF 6, at 7. *See also id.* at 4 n.1 (explaining that the analysis here is the same whether Leaphart is a pre-trial detainee or a convicted prisoner).

to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court maintains the discretion—but is not obligated—to consider novel evidence and substantive legal and factual arguments raised for the first time in an objection to a R&R. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In contrast, the Court need only review those portions of a R&R to which no objection is made for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting its review, the Court retains broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams*, 557 F.3d at 1290–92.

## III.   DISCUSSION

As a preliminary matter, Leaphart's unopposed motion for leave to file exhibits in support of his objection is granted, and the Court considers those exhibits in ruling on Leaphart's objections. The Court construes Leaphart as objecting on the following three grounds: (1) the R&R wrongly concluded that the substandard conditions at Phillips did not amount to an Eighth Amendment violation;[5] (2) the R&R failed to consider Leaphart's allegations—supported by

---

[5]   ECF 8, at 2.

evidence—that he suffered a lingering neck injury from sleeping on a defective mattress;[6] and (3) the R&R failed to consider Leaphart's allegation that he was endangered by Phillips's inability to secure inmates within their cells, which resulted in his cell door being opened without his consent, and in another prisoner being jumped and repeatedly stabbed, in each case with no correctional officer present.[7]

These objections are overruled. First, the Eighth Amendment has been interpreted to protect a prisoner only from "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Here, even accepting as true Leaphart's allegations that the food, clothing, shelter, and security at Phillips were substandard, his allegations nevertheless do not permit the inference that the deficiencies at Phillips—at which Leaphart was imprisoned for a total of five days—seriously risked damage to his future health or safety.[8] Second, for the same reason, Leaphart's allegedly defective mattress, even accepting as true that it caused him

---

[6]  *Id.* at 3.

[7]  *Id.* at 2.

[8]  *See* ECF 6, at 4–7 (citing numerous cases that show that Leaphart's claims do not state an Eighth Amendment claim).

serious neck pain,[9] is not the kind of extreme condition that plausibly violates the Eighth Amendment. Third, the Prison Litigation Reform Act bars civil rights claims brought by prisoners about the conditions of their confinement absent a "physical injury." 42 U.S.C. § 1997e(e).[10] Here, because Leaphart has not alleged that Phillips's failure to secure prisoners within their cells caused him to suffer a physical injury, that security failure cannot be the basis of Eighth Amendment liability.

## IV.   CONCLUSION

Leaphart's motion to file exhibits [ECF 9] is **GRANTED**, Leaphart's objections [ECF 8] are **OVERRULED**, and Judge Larkins's R&R [ECF 6] is **ADOPTED** in its entirety as the Order of this Court. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

---

[9]   *See* ECF 9-1 (noting complaint of "pain and tightness in the left upper trapezius region").

[10]   A limited exception exists for suits alleging future harm, for example from exposure to environmental tobacco smoke. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993)). However, Leaphart cannot allege future harm because he is no longer housed at Phillips.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of March, 2024.

Steven D. Grimberg
United States District Judge